## SCHNEIDER & DAVIS V. H. SANSUM.

IN SUPREME COURT, TYLER TERM, 1884.

*Partnership Property.—Power to sell.* — One partner may sell the partnership effects, in whole or in part, in payment of partnership debts, without the assent of the other partners, provided the sale is not tainted with fraud.

*Debtor and Creditor.*—A creditor may receive property from an insolvent debtor in

payment of a debt, if the same be openly done and more property is not taken than is reasonable necessary to pay the debt, although the creditor may know at the time he so receives the property that he will thereby prevent other creditors from enforcing their claims.

*Sunday Law.* — A sale of property to a creditor, after the issuance of a writ of attachment, although made on Sunday, is valid.

Appeal from Johnson county.

This is a proceeding according to the statute, to try the right of property to certain merchandise. Appellants claim as creditors of Chapman & Co., caused a writ of attachment to be sued out against that firm to be levied upon the property in the possession of appellee Sansum, who claims to have previously purchased the same from J. H. Brown and others who had purchased from Chapman & Co. The material issues presented by appellants and contested below, were

1. That the sale was made by Chapman & Co. to J. H. Brown and others on Sunday, and that they sold to Sansum on the same day, and for that reason they claim that the sale was void, and the property subject to their writ of attachment.

2. That the sale was made by Chapman & Co. for an inadequate consideration, and for the purpose and with the intention to hinder, delay and defraud their creditors, and that this was well known to the purchasers at the time, and also known to Sansum at and before his purchase.

3. That the sale was made by Chapman without the concurrence of the managing partner Smith, and, therefore, void, and the property subject to the writ of attachment.

The court found against appellants upon each of the issues, and it is now claimed that these findings are erroneous. For the sake of convenience these questions will be considered in reversed order.

Generally, each partner may bind the firm by any act, or contract that is embraced in the general scope of the partnership business. Each partner is considered, generally, as the agent of the firm in all matters pertaining to its business, and as such may bind the other partners the same as if he had acted under a duly executed power of attorney for that purpose. (McKinney v. Bradbury, Dallam 441; Blodgett v. Ward, 119 Mass. 215; Decker v. Howell, 42 Cal. 636;

Campbell v. Dent, 54 Mo. 325; Pahlman v. Taylor, 75 Ill. 629; Kenney v. Altvater, 77 Penn. St. 34).

It is also well settled that one partner has the authority and may sell the whole or any part of the assets of the firm in the regular course of business, or for the purpose of paying the debts of the firm, when there is no fraud in the sale. (Graser v. Stillwagen, 25 N. Y. 315; Williams v. Barnett, 10 Kan. 455; Halstead v. Shepard, 23 Ala. 558; Clayton v. Hardy, 27 Mo. 536; Arnold v. Brown, 24 Pick. 89; Lamb v. Durant, 12 Mass. 54.)

Nevertheless, one partner cannot use the partnership property either in whole or in part, in the payment of his individual debts, unless it is done with the assent, expressed or implied, of the other members of the firm. (Buck v. Mosely, 24 Miss. 170; Rogers v. Batchelor, 12 Pet. 221; Sauntry v. Dunlay, 12 Wis. 364.)

But, as has been already shown, he may sell the partnership effects, in whole or in part, in the payment of partnership debts, with the assent of the other partners, provided the sale is not tainted with fraud.

Here Chapman alone was present, and it is claimed made a *bona fide* sale of the property in payment of partnership debts, for the purpose of avoiding a sacrifice of the property by levy of the attachment. It seems that Smith, the other partner, has acquiesced in the sale; at least, it does not appear that any complaint has been made by him. Hence, the conclusion is reached, that Chapman had the right to make the sale for the purpose claimed, provided that it was in no way tainted with fraud. And that is the next question for consideration.

While there is a contrariety of opinion among the witnesses as to the value of merchandise sold to Brown and others, still the finding of the court, to the effect, that the consideration paid was adequate, is abundantly sustained by the evidence. It also appears from the evidence, that the sale was made for the purpose of paying off and discharging their firm debts, and that no fraudulent intent was involved in the transaction.

In Greenleve Block & Co. v. Blum, (59 Texas, 126) the well established doctrine is reiterated by Justice Stayton in the following appropriate language.

The right of a creditor to receive property from an insolvent debtor in payment of a debt due him, if the same be openly done and

more property is not taken than is reasonably necessary to pay the debt, althoug the creditor may know at the time he so receives the property that he will thereby prevent other creditors from inforcing their claims, and although the creditor may know that the debtor is prompted to give him the preference through motives of friendship, is well recognized; such reception of property, however, must be *bona fide i. e.* for the sole purpose of securing the debt, and not with the intent to cover up any part of the property, or its proceeds, for the benefit of the debtor to the prejudice of other creditors.

A correct analysis of the evidence found in the record fully supports the finding, that the sale to Brown and others comes within the provisions of this well established rule.

But, it is earnestly insisted that as the sale and delivery both to Brown and others, and by them to Sansum, was made upon Sunday that the transaction was, therefore, inhibited by law, and consequently void in that sense of the term that subjects the property to the writ of attachment.

If it should be conceded that the transaction came within the statutory inhibition, it by no means follows that it would be void in that broad signification, or sense, of that term, urged by the appellants. It clearly appears that the contract was entirely executed on the day of the sale, *i. e.*, the property was delivered and the consideration paid, by the cancellation and delivery of the evidences of the indebtedness of Chapman & Co. Such being the case, in the absence of fraud in the sale, the title vested in Brown and others. Chapman & Co. could not maintain an action for the recovery of the property, all their right passed by the sale and delivery, and as appellants had no other or greater right to the property than Chapman & Co. had, they could not, as creditors, of the latter, in the absence of fraud in the sale, maintain an action for its recovery, that could not be maintained by Chapman & Co. That is, the transaction would not be absolutely void under all circumstances and for all purposes, but would only be void to the extent of depriving the parties of any right of action based upon it; for instance, Chapman & Co. could not have maintained an action for the purchase money or consideration, had it not been paid, neither could Brown and others for a recision of the contract, or for damages, on account of fraud in the sale. (Smith v. Bean, 15 N. H. 578;

Horton v. Buffinton, 105 Mass. 400; Moore v. Kendall, 2 Wis. (Pinney's) 104; Benjamin on Sales, (I Ed.) p. 416.)

The inhibitions against engaging in secular avocations on Sunday, which could have the remotest bearing on the question before us, are embraced in Arts. 183 and 186 of the Criminal Code. The first provides that, "Any person who shall hereafter labor, or compel, force or oblige his employes, workmen, or apprentices to labor on Sunday, shall be fined not less than ten, nor more than fifty dollars."

Among the numerous exceptions from the operation of that article are works of necessity and charity. The other article is that, "Any merchant, grocer, or dealer in wares or merchandise, or trader in any lawful business whatever, who shall barter or sell on Sunday, shall be fined not less than twenty, nor more than fifty dollars." This article had for its special object, the prevention of traders from pursuing their usual business of barter and sale, and thereby promote a proper respect for the sanctity of that day, dedicated, as it should be, to rest, contemplation and worship.

Our civil statutes provide that writs of attachment, etc. may be issued and levied on Sunday. In this case, the writs of attachments had been issued and were then in the hands of the officer for levy. To avoid that levy and consequent sacrifice of the property, it is not believed that any one would contend that Chapman & Co., if they had the money, could not have lawfully paid off and discharged the indebtedness on Sunday. And no difference upon principle is perceived between a payment in money, and a payment in property in this respect. Either would be a work of necessity under the circumstances, and neither would be included in the spirit and intention of the two articles quoted above from the Criminal Code.

Our conclusion is that there is no error in the judgment, and it is affirmed. Watts, J.

Report of commissioners of appeals examined, their opinion adopted and the judgment affirmed. Willie, C. J.